UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Liqun Chen,<br><br>                    Petitioner,<br><br>        -against-<br><br>Kristi Noem et al.,<br><br>                    Respondents. | 26-CV-1109 (AS)<br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

      Liqun Chen is a woman from China who came to the United States over twenty years ago. In April 2025, her U.S.-citizen adult son filed an I-130 petition on her behalf, which is the first step in the process to gain lawful permanent residence status. At the same time, Chen filed a green card application, which is pending, and an application to work in the United States for a period of five years, which was approved in August 2025. Dkt. 4 ¶¶ 8–10.

      Then, on February 9, 2026, Chen appeared for her scheduled adjustment-of-status interview in New York City, where she waited nearly three hours before being interviewed. She was arrested and detained immediately after her interview, and she remains detained. *Id.* ¶¶ 11–13. Chen also has a minor child who is experiencing a mental health crisis. Chen, who is the child's primary caregiver, has accompanied that child to medical appointments, as the child requested. Medical personnel agree that Chen should attend the medical visits, one of which is scheduled for next week. Dkt. 4 ¶¶ 15–24. Nothing in the record indicates that the government took account of any of this before detaining Chen with no notice or opportunity to be heard. There is also no claim by the government that Chen was detained because she is a criminal, presents any danger, or that there is a risk of flight.

      Chen filed a petition for a writ of habeas corpus, and the Court ordered the government to respond. In that response, the government explains that Chen "has been subject to a final removal order since April 2004, and so her detention pending removal is governed by 8 U.S.C. § 1231(a)." Dkt. 13 at 1. The government also "recognizes that this Court's decision in *Diallo v. Joyce*, No. 25 Civ. 9909 (AS), 2025 WL 3718477 (S.D.N.Y. Dec. 23, 2025), may be similar in that Petitioner was not previously detained after she was issued a final removal order in 2004 (and had not been placed on an order of supervision), and so this Court may find that Petitioner's detention is not authorized by § 1231(a)(6)." *Id.* The government adds that "[i]f the Court is inclined to adhere to its decision in *Diallo* and apply those holdings to this case, the government is content to rely upon, and incorporate by reference, the legal arguments it presented in *Diallo*, while reserving all rights." *Id.*

      The Court stands by its decision in *Diallo* and determines that its holdings apply to these materially analogous facts. While the government cites to *Lin v. Francis*, No. 25 Civ. 10001, 2025 WL 3751855 (S.D.N.Y. Dec. 29, 2025), that case involved the unique situation of an individual who was subject to a final order of removal after failing to attend his removal hearing and being out of contact with ICE since then, rendering him inaccessible to ICE, a point that the court

repeatedly emphasized. *Id*. at *4. The government does not argue that those facts are presented here. Otherwise, to the extent *Lin* can be understood to reach a contrary holding concerning the reach of § 1231 and its underlying regulations, the Court respectfully disagrees. For the reasons set forth at length in *Diallo*, the government had no statutory authority to detain Chen, because it failed to adhere to the statutory requirements of 8 U.S.C. § 1231. *Diallo*, 2025 WL 3718477 at *1–4. And, as in *Diallo*, the government makes no argument that it provided any notice or opportunity to be heard. *Id.* at *4–5. So the government violated Chen's procedural due process rights when it detained her, in violation of its own regulations and the United States Constitution. *Id.*

      Chen is ordered to be released immediately, and the government may not detain her for any immigration-related reason absent further order of this Court. By 6:00 pm today, February 11, 2026, the government shall file a letter on the docket confirming Chen's release.

      SO ORDERED.

Dated: February 11, 2026
       New York, New York

ARUN SUBRAMANIAN
United States District Judge